UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                              Criminal No. 22-cr-129-LM-1
                                                Opinion No. 2024 DNH 055 P

Jeromy Pittman

**O R D E R**

The parties have filed various motions in limine. See doc. nos. 52, 53, 54, 55, 56, 60, 62. The court issued rulings on the parties' motions at a hearing held on today's date. This Order summarizes those rulings. As explained at the hearing, because it can be difficult to rule on evidentiary issues outside the context of trial, these rulings are provisional. The parties should be prepared to renew any of their motions at trial, particularly if the evidence comes in differently than described in the motions.

- Defendant's "Motion for Additional Time and Late Filing" (doc. no. 73)

  Granted.

- Cross-motions Concerning Michael Baum's Testimony (doc. nos. 52 and 55).

  The parties' cross-motions regarding Michael Baum are each granted in part and denied in part as follows. Baum may testify as to the first category of evidence discussed in the government's motion (i.e., that Baum introduced Pittman and CC-1, the ongoing relationship between the three of them, Pittman's and CC-1's email address, CC-1's construction company). Baum may not testify that CC-1 solicited him to submit fraudulent SIV recommendation letters, nor may Baum testify that he in fact submitted such letters, nor may Baum testify that he pled guilty to a crime as a result of such conduct.

Because the government has conceded that Baum was not a member of the charged conspiracy between Pittman and CC-1, Baum's conduct is not intrinsic to the charged conspiracy. Moreover, all of this evidence is inadmissible under Rule 403 regardless of whether it is properly characterized as intrinsic or extrinsic to the charged conspiracy. The fact that Baum participated in materially identical conduct to Pittman does not make it more probable that Pittman engaged in that conduct. See United States v. Abdelaziz, 68 F.4th 1, 45 (1st Cir. 2023) (rejecting the argument that "the hub-and-spoke nature of the scheme charged would, in and of itself, support a reasonable inference that any 'spoke' shared a common goal with the other 'spoke'"; explaining that "[t]he relevant question . . . is whether the nature of the alleged scheme is such that it would be reasonable to infer that any parents who sought the assistance of the core group shared a goal of getting children other than their own into any university just because they sought such assistance for their own children"). At the same time, the evidence is highly prejudicial. The jury would hear evidence not only that Baum did essentially what Pittman has been charged with doing—but that he also pled guilty to a crime as a result. The jury would be left to wonder why Pittman insisted on putting the government to its proof when Baum, a co-defendant in all but name, admitted to the strength of the case against him.

- Government's "Motion in Limine to Admit Certain Evidence" (doc. no. 53)

Granted in part and denied in part. Granted as to government's exhibits 401 through 403, as Pittman does not object to the admission of these exhibits. Denied as to all other exhibits given the court's rulings on doc. nos. 52 and 55.

- Government's "Motion in Limine to Exclude Evidence" (doc. no. 54)

Granted in part and denied in part as follows.

  - Evidence of the penalty Pittman could face if convicted – granted.

  - Evidence of Pittman's daughter's health condition – denied without prejudice. Without context, it is possible that such evidence could be fair background testimony if Pittman were to testify or could go to his state of mind.

  - Evidence of humanitarian motives – denied without prejudice. While unlikely, it is theoretically possible that that evidence of non-pecuniary motives could be relevant and admissible. See Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975) ("Courts disfavor motions in limine seeking to exclude broad categories of evidence.").

  - Evidence of the amount of profit Pittman received for engaging in the charged conduct – denied without prejudice. Evidence that Pittman did

  not receive much money for engaging in the charged conduct would rebut an argument that he was motivated by financial need.

- Evidence of Pittman's "good acts" – denied without prejudice. The court agrees that, to the extent Pittman wishes to adduce evidence of his own pertinent character traits, he may only do so through opinion or reputation testimony. See Fed. R. Evid. 405(a). However, that does not mean that any evidence of Pittman's prior conduct that could conceivably bear on some positive character trait is therefore inadmissible—it just means that such evidence is inadmissible if offered only to prove a positive character trait. Evidence that Pittman had received a commendation for prior military service could explain, for example, how he came to serve in Afghanistan.

- Use of interview reports or rough notes to impeach government witnesses – granted to the extent that the parties may not publish impeachment evidence to the jury, but denied in all other respects. "Federal Rule of Evidence 613(b) only requires that the impeached witness be afforded an opportunity to deny or explain the prior statement and the opposite party be afforded the opportunity to interrogate the witness thereon, and has no requirement that the witness have adopted the prior statement." United States v. Catalan-Roman, 585 F.3d 453, 464 n.12 (1st Cir. 2009) (quotation omitted). While it may not be a wise tactical decision to attempt to impeach a witness using a document that she did not prepare herself or sign, the Federal Rules of Evidence do not bar Pittman from attempting to do so.

- Pittman's own out-of-court statements – denied without prejudice. While the court agrees that Pittman's own out-of-court statements would not be statements of a party-opponent, it is entirely possible that (a) Pittman could seek to introduce his own statements for a purpose other than proving the truth of the matter(s) asserted in those statements or (b) that some other exception to the hearsay bar could justify the admission of Pittman's out-of-court statements.

- Sequestration – granted to the extent the motion seeks sequestration of all nonparty witnesses other than the parties' designated representatives, and denied as moot as to the government's request that both Special Agent Christopher Fair and Special Agent Kevin Naylon be permitted to be present throughout the trial. At the hearing today, the government explained that it had conferred with defense counsel and agreed to only have one agent present throughout the trial.

- <u>Cross-motions Regarding Alleged Timecard Fraud (doc. nos. 56 and 62)</u>

    Pittman filed a motion to exclude evidence that he engaged in timecard fraud while working for the National Geospatial-Intelligence Agency ("NGA"), and the government filed a motion to admit this same evidence. Originally, the government contended in its motion that the evidence was admissible both in its case-in-chief and upon cross-examining Pittman should he choose to testify. At today's hearing, however, the government clarified that it would not seek to introduce this evidence in its case-in-chief and would only seek to do so if Pittman testified.

    The motions are denied in part as moot and denied in part without prejudice as follows. Each motion is denied as moot to the extent each motion seeks a ruling on the admissibility of the evidence during the government's case-in-chief. Each motion is denied without prejudice to the extent each motion seeks a ruling on the admissibility of the evidence on cross-examination of Pittman should he choose to testify. The court will determine the admissibility of this evidence to cross-examine Pittman if he exercises his right to testify.

- <u>Government's "Motion in Limine to Admit Certain Evidence" (doc. no. 60)</u>

    Denied without prejudice. The court will determine the admissibility of the government's exhibits in the context of trial.

    SO ORDERED.

    _____
    Landya McCafferty
    United States District Judge

July 8, 2024

cc:   Counsel of Record